Priority ____
Send ____
Enter ____
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3 ____
Scan Only ____

*NOTE CHANGES MADE BY THE COURT.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERIT PROPERTY MANAGEMENT, INC., a California corporation<br><br>Plaintiff<br><br>vs.<br><br>MERIT MANAGEMENT, LLC. A Nevada limited liability company and DOES 1 through 10 inclusive<br><br>Defendant | Case No. SACV09-00385 RGK (MANx)<br><br>[~~PROPOSED~~] REVISED FINAL JUDGMENT IN VIEW OF THE COURT'S MAY 13, 2010 ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

The motion of Plaintiff, Merit Property Management, Inc. (hereinafter "Plaintiff") for summary judgment of infringement of United States Trademark Registration No. 2,705,078 ("The Merit Companies Mark") was originally scheduled for hearing on May 3, 2010. On April 28, 2010, the Court advised that Merit's motion for summary judgment had been taken under submission and off calendar with no appearances necessary by counsel.

The Court, having fully considered the pleadings and evidence submitted in Plaintiff's moving papers, issued its May 13, 2010 Order (the "Order") granting Plaintiff's Motion for Summary Judgment on Plaintiff's Federal Service Mark

Infringement and Federal Unfair Competition causes of action and denying Plaintiff's claim for Federal Service Mark Dilution.

The Order provides that there is no triable issue of material fact as to a finding of likelihood of confusion under 15 U.S.C. §§ 1114(1) and 1125(a). "Likelihood of confusion exists when consumers are likely to assume that a product or service is associated with a source other than its actual source because of similarity between the two sources' marks or marketing techniques." *Shakey's, Inc. v. Cobalt*, 704 F2d 426, 431 (9th Cir. 1983); see also *Alpha Industries, Inc. v. Alpha Steel Tube & Shapes, Inc.*, 616 F.2d 440, 443 (9th Cir. 1980). In determining whether likelihood of confusion exists between Plaintiff's "The Merit Companies" Mark and Defendant's "Merit Management" Mark, the Court looked to the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of good and degree of care likelihood of care likely to be exercised by the purchaser; (7) Defendant's intent in selecting the mark; (8) likelihood of expansion of the product lines. *AMF, Inc. v. Sleek Craft Boats*, 599 F.2d 341, 348-358 (9th Cir. 1979). The Court found that Plaintiff's "The Merit Companies" Mark and Defendant's "Merit Management" Mark are substantially similar, the parties use the same or similar marketing channels, and the parties provide essentially the same services to the same market. Plaintiff also offered uncontroverted evidence showing that there may have been actual confusion by consumers. Accordingly, based on consideration of the *Sleek Craft Factors*, the Court granted Plaintiff's motion for summary judgment on Plaintiff's claims for Federal Service Mark Infringement and Federal Unfair Competition. With respect to Plaintiff's Federal Service Mark Dilution claim, the Court found that while Plaintiff's use of "The Merit Companies" Mark and revenue generated from its management services are not insubstantial, the evidence fell short of establishing the extent and magnitude of recognition necessary to establish fame under 15 U.S.C. § 1125(c)(2)(A). Accordingly, the Court denied Plaintiff's Federal Service Mark

Dilution claim.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that final Judgment shall be entered in Plaintiff's favor as the prevailing party as outlined in the Court's May 13, 2010 Order granting Summary Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a permanent injunction be entered against Defendant Merit Management, LLC, as follows:

Defendants, their agents and/or representatives, assignees and successors, directly or indirectly are preliminarily and permanently enjoined and restrained during the pendency of this action and, thereafter, perpetually:

a. From using in any manner such as a trade name, trademark or service mark, the designation MERIT, or a term confusingly similar thereto, alone or in combination with any other word or words or design, in connection with the advertising, offering for sale, or sale in its business affairs of any community and/or property management product or service for community associations or any other properties;

b. From passing off, inducing, or enabling others to sell or pass off any community and/or property management product or service for community associations or any other properties under or in connection with the term Merit, or any term confusingly similar thereto;

c. From committing any acts calculated to cause purchasers to believe any goods or services of Defendants are sponsored by, approved by, connected with, guaranteed by or offered or sold by Plaintiff, or under the control or supervision of Plaintiff;

d. From otherwise unfairly competing with Plaintiff in any manner;

  e. From committing any further acts of service mark infringement of Plaintiff's "The Merit Companies" service mark.

The Court further Orders that Defendant within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendant has complied with this Order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff is awarded judgment in the amount of $ $3,480.00 ~~6,960.00~~ for reasonable attorney's fees incurred in this action and previously awarded as sanctions in favor of Plaintiff.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as the prevailing party, Plaintiff is awarded its cost herein in an amount to be determined in accordance with the procedures required by Central District Local Rule 54.

**IT IS SO ORDERED**

Dated: AUG - 5 2010

_____
Gary K. Klausner
United States District Court Judge